**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

| | |
|---|---|
| Carlos Reyes,<br><br>     Plaintiff,<br><br>          - vs. -<br><br>James E. Herbster<br>Construction Company, Inc.<br>d/b/a Herbster Construction,<br>and James E. Herbster,<br><br>     Defendants. | DOCKET NO. _____<br><br><br>**COMPLAINT** |

Plaintiff Carlos Reyes, by and through his undersigned attorneys, for his complaint against defendants James E. Herbster Construction Company, Inc. d/b/a Herbster Construction, and James E. Herbster, alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.    Plaintiff Carlos Reyes, former employee of defendants James E. Herbster Construction Company, Inc. d/b/a Herbster Construction, and James E. Herbster, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from

defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.    Plaintiff Carlos Reyes is an adult individual residing in the Port Chester, New York.

4.    Mr. Reyes consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

5.    Defendant James E. Herbster Construction Company, Inc. d/b/a/ Herbster Construction, is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Herbster Construction") with a

registered principal place of business at 108 Hobart Avenue, Port Chester, New York 10573-2741.

6.   Defendant Herbster Construction owns and operates a construction company, located at 108 Hobart Avenue, Port Chester, New York 10573-2741.

7.   At all relevant times, defendant Herbster Construction was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.   At all relevant times, defendant Herbster Construction has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.   Upon information and belief, at all relevant times, defendant Herbster Construction has had gross revenues in excess of $500,000.00.

10.  Upon information and belief, at all relevant times herein, defendant Herbster Construction has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

11.  Defendant James E. Herbster is an owner or part owner and principal of Herbster Construction, who has the

power to hire and fire employees, set wages and schedules, and maintain their records.

12.  At all relevant times, Defendant James E. Herbster was involved in the day-to-day operations of Herbster Construction and played an active role in managing the business.

13.  Defendant James E. Herbster is an owner or part owner and principal of Herbster Construction, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.  At all relevant times, Defendant James E. Herbster was involved in the day-to-day operations of Herbster Construction and played an active role in managing the business.

15.  Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

**FACTS**

18.   At all relevant times herein, the defendants owned and operated Herbster Construction, a construction company in Port Chester, New York.

19.   Plaintiff Carlos Reyes was employed at Herbster Construction from approximately September 2018 until January 19, 2020.

20.   Mr. Reyes was employed by Defendants to perform demolition, framing, painting and garbage removal.

21.   Mr. Reyes's work was performed in the normal course of defendants' business, was integrated into the business of the defendants, and did not involve executive or administrative responsibilities.

22.   At all relevant times herein, Mr. Reyes was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

23.   During his employment by Defendants, Mr. Reyes worked a regular schedule of six days per week, from 7:30 a.m. until 4 p.m., with Sunday off.

24.   During each week of his employment by Defendants, Mr. Reyes worked later than 4 p.m. sometimes, totaling approximately three additional hours of work per week.

25.   As a result, he was working approximately 57 hours per week during his employment by the defendants.

26.   Mr. Reyes was paid weekly in cash, at the rate of $700 per week during his employment by Defendants.

27.   Plaintiff received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

28.   As a result, Plaintiff's effective rate of pay was below the statutory New York minimum wage in effect at relevant times.

29.   Defendants' failure to pay Plaintiff an amount at least equal to the New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

30.   Plaintiff has been paid in cash throughout his employment by the defendants, and received no paystubs or wage statements of any sort with his pay.

31.   In addition, the defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law,

and the supporting New York State Department of Labor regulations.

32.   Defendants' failure to pay Plaintiff the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

33.   Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

34.   Defendants failed to provide Plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

35.   Throughout the periods of Plaintiff's employment, the defendants have employed Plaintiff in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

36.   Throughout Mr. Reyes' employment by Defendants, Defendants applied these employment policies, practices, and procedures to Plaintiff, including policies, practices, and

procedures with respect to the payment of minimum wages and overtime.

37.   Defendants have failed to pay the plaintiff at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

38.   While the defendants employed the plaintiff, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(New York Labor Law – Minimum Wage)**

39.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

40.   At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

41.   Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

42.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good

faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

43.  Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

<u>COUNT II</u>

<u>(Fair Labor Standards Act - Overtime)</u>

44.  Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

45.  At all relevant times, the defendants employed Plaintiff within the meaning of the FLSA.

46.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

47.  As a result of defendants' willful failure to compensate their employees, including Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA,

29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

48.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

49.   Due to the defendants' FLSA violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

50.   Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51.   At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

52.   Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of

the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

53.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

54.  Due to the defendants' New York Labor Law violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(New York Labor Law – Wage Theft Prevention Act)**

55.  Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56.  At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57.  Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

58.   Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

59.   Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of his employment by the defendants, up to the maximum statutory damages.

60.   Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of his employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

e.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

f.  Liquidated damages for the defendants' New York Labor Law violations;

g.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

h.  Back pay;

i.  Punitive damages;

j.  An award of prejudgment and postjudgment interest;

k.  An award of costs and expenses of this action
    together with reasonable attorneys' and expert
    fees; and

l.  Such other, further, and different relief as this
    Court deems just and proper.

Dated: January 14, 2022

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*