Having considered the applicable factors, see Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012), I approve the settlement as fair, reasonable and adequate.  I also approve the attorneys' fees as fair and reasonable.  Plaintiff shall promptly file the stipulation of discontinuance.

SO ORDERED.

*Cathy Seibel* (signature)
CATHY SEIBEL, U.S.D.J.

7/26/22

# THE SAMUEL LAW FIRM

ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@thesamuellawfirm.com

July 19, 2022

ADMITTED IN
NY

**Via ECF**

The Hon. Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York, 10601-4150

*Re: Reyes v. James E. Herbster Construction Company, Inc., et al.*
**Case No. 22-cv-369 (CS)**

Dear Judge Seibel:

We represent Plaintiff Carlos Reyes in the above-captioned matter and submit this letter to the Court with the approval of Defendants for the Court's assessment and approval of the settlement agreement reached by the parties (the "Settlement Agreement"). The Settlement Agreement is in the process of being executed by the parties in the form submitted herewith.

The parties respectfully submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel.

Background

Plaintiff was employed by Defendants James E. Herbster Construction Company, Inc. and its owner, James E. Herbster (collectively, "Defendants") as a landscaper from approximately September 2018 until January 19, 2020.  Plaintiff commenced this action on January 14, 2022, against Defendants alleging, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and claims under the NYLL for failure to provide wage notices and wage statements.

In the complaint, Plaintiff alleges that Defendants failed to compensate him for hours worked over 40 during each workweek. Additionally, Plaintiff asserted that Defendants failed to provide him with the notices or weekly wage statements required by the NYLL.  Defendants denied

1

most of the allegations made in the Complaint. The settlement agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

Settlement Agreement

The parties engaged in negotiations and limited document exchange, which included the exchange of copies of Defendants' payroll records. The parties also participated in mediation on June 7, 2022, which resulted in a comprehensive resolution of Plaintiff's claims acceptable to all parties.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's FLSA and NYLL claims against Defendants for a total of **Eleven Thousand Dollars ($11,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount of Plaintiff's claims is less than Plaintiff's maximum possible recovery, we believe this to be a fair resolution of this matter.

By settling now, Plaintiff ensures that he will receive a significant percentage of what he could potentially recover, as the settlement amount corresponds to the actual wage damages suffered by Plaintiff, and he does so without having to wait through additional months of likely fruitless discovery, pretrial motions and then having to face the uncertainty of trial and the possibility that in the end, even in the unlikely event that his testimony is credited over Defendants' records, Defendants might be unable to satisfy the judgment.

FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.)

Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of

2

the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

This settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in document exchange, they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and counsel exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiff, we will recoup filing, mediation and service costs of $785.00, to be deducted from the FLSA settlement, and retain 1/3 of the remaining FLSA settlement ($3,404.65) as attorneys' fees.

In total, Plaintiff's counsel expended 8.6 hours in representation of Plaintiff, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of the Samuel Law Firm. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel

of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My regular hourly rate for matters such as these is $450. My colleague, Andrew Beresin, who performed the billable tasks on this case (see attached spreadsheet showing contemporaneous time detail for Mr. Beresin), has been admitted to practice here since 1992, and has been litigating wage and hour cases for the past three years.  His hourly rate is $375. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

### Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a broad, general release of Plaintiff's claims, and the confidentiality provision provides an express carve-out to enable Plaintiffs to make truthful statements regarding the litigation.

### Conclusion

For all of the reasons set forth above, the parties respectfully request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

          Respectfully submitted,

          /s/ *Michael Samuel*
          Michael Samuel, Esq.

Encl.

Cc: John Thompson, Esq.
    Thompson & Skrabanek, PLLC
    42 W. 38th Street – Suite 1002
    New York, NY 10018
    jt@ts-firm.com

# SETTLEMENT AGREEMENT AND RELEASE

James E. Herbster Construction Company, Inc. d/b/a Herbster Construction, and James E. Herbster (collectively "Defendants"), and Carlos Reyes ("Plaintiff" or "Reyes"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Carlos Reyes a/k/a "Alex".

    b. "Defendants" shall be defined as James E. Herbster Construction Company, Inc. d/b/a Herbster Construction, and James E. Herbster (collectively "Defendants").

    c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on January 14, 2022, in the United States District Court, Southern District of New York, with Civil Action No.: 1:22-cv-00369-KPF.

2. **Consideration**. In consideration for Mr. Carlos Reyes's signing this Agreement and the release of claims as set forth in paragraph 4, Defendant James E. Herbster Construction Company, Inc. d/b/a Herbster Construction agrees to make the following payment totaling Eleven Thousand Dollars ($11,000):

    a. A check made payable to "Carlos Reyes" in the amount of Six-Thousand Eight-Hundred Ten Dollars and Thirty-Five Cents ($6,810.35), less applicable taxes and withholdings to be reported on an IRS Form 1099, due within seven (7) days of court approval of this settlement agreement.

    b. A check made payable to The Samuel Law Firm in the amount of Four-Thousand One-Hundred Eighty-Nine Dollars and sixty-five cents ($4,189.65), less applicable taxes and withholdings to be reported on an IRS Form 1099, due within seven (7) days of court approval of this settlement agreement

    c. The payment above shall be delivered (via U.S. mail, hand delivery or nationally recognized express carrier) to the office of Plaintiff's counsel Michael Samuel, The Samuel Law Firm, located at 1441 Broadway, Suite 6085, New York NY 10018.

    d. If there is a default in making the payments herein, Plaintiff or his Counsel, will give Defendants written notice of said default by sending a notice of default by email to Defendants' attorney Mr. John Thompson, Esq. at jt@ts-firm.com. Defendants will have seven (7) days from receipt of such notice to cure the default. If Defendants do not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to a judgment against Defendants in the amount of Thirteen-Thousand Seven-Hundred and Fifty Dollars ($13,750.00) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

1

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the settlement monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants, as well as Defendants' officers, directors, owners, shareholders, parents, affiliates, divisions, subsidiaries, members, managers, supervisors, agents, predecessors, successors, professional employer organizations, insurers, and counsel and their agents and employees ("Releasees") of and from any wage and hour violations, and related retaliation, under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or could have been asserted in this lawsuit, whether known or unknown, under federal, state, and/or local wage and hour laws (including the Fair Labor Standards Act (FLSA), the New York State Labor Law (NYLL) and New York Code of Rules and Regulations), through the date of this Agreement. Plaintiff further agrees and covenants that the Action will be dismissed with prejudice against Defendants based on the settlement described herein, and there has not been filed, nor will be cause to be filed, any other claims, actions or other proceedings against Defendants, as well as Releasees, at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release regarding the payment of wages during or after employment. Plaintiff affirms that, as of the date of this Release, he has been paid and/or has received all leave (paid and unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

5. **Release of Claims by Defendants**. In return for the release granted to Defendants above, Defendants also release Plaintiff from any claims relating to Plaintiffs' employment by Defendants, arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release.

6. **Acknowledgments and Stipulation of Dismissal**. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the FLSA, the NYLL, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice. Counsel for Plaintiff shall provide counsel for Defendants with a Stipulation of Dismissal signed by Plaintiff's Counsel in the form attached hereto as Exhibit A, which will be held in escrow and filed with the Court once full and complete payment is received by Plaintiff and Plaintiff's Counsel and cleared.

7. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.

8. **Amendment**. This Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **No Tax Advice**. Plaintiff acknowledges and agrees that neither Defendants nor Defendants' counsel, nor Plaintiff's counsel, have made any representations to Plaintiff regarding the tax consequences of any amounts paid pursuant to this Release.

15. **Tax Liability/Indemnification**. Plaintiff agrees to hold Defendants harmless against, and to indemnify Defendants for, any and all claims by the Internal Revenue Service or any other taxing authority, which may be made against Defendants, arising out of or relating to the Plaintiff's failure to pay taxes on any portion of this settlement payment, and agrees to reimburse Defendants for any resulting payments that Defendants may be required to make to such taxing authority.

16. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Carlos Reyes was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Carlos Reyes is competent to execute this Agreement.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

CARLOS REYES

By: _____

Date: _____

**DEFENDANTS:**

JAMES E. HERBSTER CONSTRUCTION COMPANY d/b/a HERBSTER CONSTRUCTION

By:_____

Title_____

Date: _____


JAMES E. HERBSTER

By:_____

Date: _____

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS REYES,<br><br>*Plaintiff*,<br><br>-v-<br><br>JAMES E. HERBSTER CONSTRUCTION COMPANY D/B/A HERBSTER CONSTRUCTION, JAMES E. HERBSTER,<br><br>*Defendants*. | **Civil Action #:**<br>**1:22-cv-00369-KPF.**<br><br><br><br>**STIPULATION OF DISCONTINUANCE WITH PREJUDICE** |

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for all parties, in this action, that this action having been settled by the parties, the settlement having been approved by the Court, whereas, no party hereto is an incompetent, this action is hereby discontinued with prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") including to FRCP 41(a)(1)(A)(ii), provided that settlement payments are made in accordance with the settlement agreement in this action.

    **IT IS FURTHER STIPULATED AND AGREED**, that PDF and facsimile copies of this Stipulation shall have the same force and effect as the original.

Dated: New York, New York
          July 19, 2022


THE SAMUEL LAW FIRM                    THOMPSON & SKRABANEK, PLLC

/s/ Michael Samuel_____           _____
By: Michael Samuel, Esq.                    By: John J. Thompson, Esq.

*Attorneys for Plaintiff*                        *Attorneys for Defendants*
1441 Broadway, Suite 6085              42 W. 38th Street, Suite 1002
New York, NY 10018                       New York, NY 10018
Tel: 212-563-9884                           Tel: 646-568-4280
Email: michael@thesamuellawfirm.com     Email: jt@ts-firm.com

ATTORNEY:   ANDREW D. BERESIN

| DATE | DESCRIPTION | TIME (HRS) | FEE |
|---|---|---|---|
| 12/20/2021 | Draft Complaint | 1.9 | $712.50 |
| 1/14/2022 | File Complaint | 0.4 | $150.00 |
| 5/21/2022 | Prepare Damages Calculation | 0.8 | $300.00 |
| 6/3/2022 | Prepare Mediation Statement | 1.2 | $450.00 |
| 6/7/2022 | Prepare, Attend Mediation | 2.4 | $900.00 |
| 7/13/2022 | Prepare, Attend Status Conf. | 0.4 | $150.00 |
| 7/15/2022 | Review, Revise Settlement | 0.7 | $262.50 |
| 7/19/2022 | Prepare Fairness Letter | 0.8 | $300.00 |
| | **TOTAL** | **8.6** | **$3,225.00** |